UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHRISTOPHER J. SIEBEN et al., | ) | |
| Plaintiffs, | ) ) | |
| | ) | 3:10-cv-00173-RCJ-VPC |
| vs. | ) ) | |
| FIRST NATIONAL BANK OF NEVADA et al., | ) | **ORDER** |
| Defendants. | ) ) ) | |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy type complaint listing thirteen causes of action. The case is part of Case No. 2:09-md-02119-JAT in the District of Arizona, and Judge Teilborg has remanded the first claim and those parts of the third, fourth, and tenth though twelfth claims that do not involve MERS. The wrongful foreclosure claim remains with Judge Teilborg. Two motions to dismiss (ECF Nos. 40, 44) are pending before the Court. For the reasons given herein, the Court grants the motions.

**I.   THE PROPERTY**

Christopher J. Sieben and Tonya M. Foster gave lender First National Bank of Nevada ("First National") a promissory note for $276,000 to purchase property at 372 Sunchase Ct., Carson City, NV 89701. (*See* Deed of Trust 1–3, Aug. 3, 2006, ECF No. 41, at 13). First American Title Insurance Co. was the trustee. (*See id.* 2). The parties have not adduced the documents concerning default and foreclosure, but the wrongful foreclosure claim remains with

1  Judge Teilborg, in any case.

2  **II.    ANALYSIS**

3  The remanded claims are: (1) Unfair Lending Practices Under Nevada Revised Statutes

4  ("NRS") section 598D.100; (3) Injunctive Relief; (4) Declaratory Relief (violation of section

5  598D.100(3)); (10) Civil Conspiracy; (11) Racketeering Under NRS section 207.470; and (12)

6  Unjust Enrichment.  First, the statute of limitations has run on the section 598D.100 claim.

7  Plaintiffs obtained the loan on August 3, 2006.  The statute of limitations under section

8  598D.100 is three years, *see* Nev. Rev. Stat. § 11.190(3)(a), and the present case was brought on

9  February 17, 2010.  Also, the pre-2007 statute did not apply to mortgages that qualified as

10  residential mortgage transactions under HOEPA, as here, where a security interest is retained

11  against the property to finance its acquisition or construction. *See* Nev. Rev. Stat. § 598D.040

12  (2005); 15 U.S.C. § 1602(aa)(1), (w).  The Court will dismiss this claim and the claim for

13  declaratory relief for the same reason.

14  Second, the civil conspiracy claim fails because Plaintiffs do not allege any agreement to

15  engage in unlawful activity but simply conclude that a conspiracy existed between First

16  National, MERS, and others because these agencies were all in some way involved with

17  foreclosures generally.  The Court will dismiss this claim.

18  Third, under Nevada's RICO statute, a private party can bring a civil action for treble

19  damages, attorney's fees, and costs for injures sustained by a violation of NRS section 207.400.

20  *See* Nev. Rev. Stat. § 207.470.  Plaintiffs allege Defendants engaged in racketeering.  Plaintiffs,

21  however, nowhere identify which unlawful act under section 207.400 they believe Defendants to

22  have committed.  Plaintiffs simply quote the definition of "racketeering" under section 207.390

23  and allege that Defendants engaged in racketeering through predatory lending practices.

24  Plaintiffs have not identified two predicate offenses required to constitute "racketeering." *See*

25  § 207.390.  Such crimes include murder, manslaughter, mayhem, certain batteries, kidnapping,

1 sexual assault, arson, robbery, extortion, seduction, forgery, burglary, grand larceny, bribery,
2 assault with a deadly weapon, certain frauds, etc. *See* § 207.360.  Insofar as the predicate acts are
3 intended to be frauds based on the MERS system, the claim remains with Judge Teilborg.  The
4 Court will dismiss this claim.

5     Fourth, the unjust enrichment claim will be dismissed because it is undisputed that the
6 relationship between the parties is governed by an express, written contract. *LeasePartners*
7 *Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997).

8     Finally, the claim for injunctive relief will be dismissed insofar as it relies on any of the
9 remanded claims.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 40, 44) are GRANTED.  Because the claims remain with Judge Teilborg, the Court makes no ruling on the wrongful foreclosure claim or the injunctive and declaratory relief claims insofar as those claims relate to the wrongful foreclosure claim. *See* Nev. Rev. Stat. § 107.080 (procedurally improper foreclosure); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2 610, 623 (Nev. 1983) (foreclosure absent default).

IT IS SO ORDERED.

Dated this 8th day of September, 2011.

_____
ROBERT C. JONES
United States District Judge